**UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**



---------------------------------------------------------------

BELINDA FOUNTAIN, DEBORAH : 
CONROY, and BLAKE SWINGLE, : 
individually and on behalf of all others : 
similarly situated, : 
 : 
                        Plaintiffs, :    **JURY TRIAL DEMANDED**
 : 
          v. :    99-CV- **99-CV-0389**
 : 
NEW YORK STATE DEPARTMENT OF :    (    , J.)
CORRECTIONAL SERVICES, and GLENN :    (    , M.J.)
GOORD, individually, and in his : 
official capacity as Commissioner of :    **COMPLAINT**
the New York State Department of : 
Correctional Services, : 
 : 
                  Defendants. : 



---------------------------------------------------------------

      Plaintiffs, by their attorneys, Hite & Casey, P.C., hereby for their

Complaint allege:

## I.    NATURE OF THE PROCEEDING

1.    This is an action for permanent injunctive relief enjoining

defendants from continuing the policy, practice and custom of

requiring correction officers who return to work from sick leave

to provide a doctor's certification that contains a diagnosis

and/or prognosis, of the correction officer's medical condition

and which is then reviewed by various non-medical personnel.

Defendants' practice and policy violates plaintiffs' rights under

the First and Fourteenth Amendments to the United States

Constitution; the Americans With Disabilities Act ("**ADA**"), and the Family Medical Leave Act ("**FMLA**").

## II.    JURISDICTION

2.    This Court's jurisdiction is invoked pursuant to 28 U.S.C §1331, 1343(3) and (4) 42 U.S.C. §§ 1983 and 1988, and the First and Fourteenth Amendments of the Constitution of the United States.

3.    In August 1998, plaintiff Belinda Fountain filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and asked that a right to sue letter be issued.

4.    A Notice of Right to Sue letter was issued to plaintiff Fountain on December 17, 1998 and a copy is attached hereto as Exhibit A.

5.    In November 1998, plaintiff Deborah Conroy filed a charge of employment discrimination with the EEOC and asked that a right to sue letter be issued.

6.    A Notice of Right to Sue letter was issued to plaintiff Conroy on December 17, 1998, and a copy is attached hereto as Exhibit B.

## III.    VENUE

7.    Venue lies in the Northern District of New York, because defendants maintain a principal place of business there and the challenged policy is administered there.

2

## IV.    **PARTIES**

8.    Plaintiff Belinda Fountain is a resident of New York State.

9.    Plaintiff Deborah Conroy is a resident of New York State.

10.    Plaintiff Blake Swingle is a resident of New York State.

11.    Defendant New York State Department of Correctional Services
('DOCS") is a department within the government of the State of
New York.

12.    DOCS has its principal place of business at 1220 Washington
Avenue, Building 2, Albany, New York.

13.    DOCS employs thousands of full-time employees.

14.    In accordance with the New York State Correction Law and
other pertinent statutes, rules and regulations, DOCS is
responsible for the operation of correctional facilities for the
confinement of persons under sentence of imprisonment.

15.    Defendant Glenn Goord is Commissioner of DOCS and the Chief
Executive Officer of DOCS, responsible for the overall
management and supervision of DOCS, including the
management and control of correctional facilities and personnel
practices and policies.

16.    Defendant Goord caused the policy in question to be reissued
and enforced.

## V.    CLASS ACTION

17.  This is a class action brought by plaintiffs on their behalf and on behalf of all persons similarly situated, pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

18.  The class consists of all correction officers who were subjected to DOCS' policy and practice of requiring the submission of a diagnosis/prognosis of medical condition upon return to work from a sick leave of absence and the review of said information by non-medical personnel.

19.  DOCS employs over 20,000 correction officers.

20.  The class is so numerous that joinder of all members is impractical.

21.  There are questions of law and fact common to the class because this case turns on the single issue of whether DOCS' policy at issue here violates the rights of its correction officers who have taken sick leave in excess of three days.

22.  The representative plaintiffs will fairly and adequately protect the interests of the class because plaintiffs satisfy the prerequisites for both federal statutes and have submitted the challenged documentation to DOCS on numerous occasions.

23.  The defendants have acted on grounds generally applicable to the class, and injunctive relief is appropriate with respect to the class as a whole.

## VI.    **FACTS**

24.    Plaintiff Fountain has been employed by DOCS since 1989 to the present as a Correction Officer at the Beacon Correctional Facility.

25.    Plaintiff Fountain is employed on a full-time basis.  She has worked in excess of 1250 hours in the preceding 12-month period.

26.    Plaintiff Fountain is an individual suffering from severe asthma and pulmonary obstructive disorder. It is a chronic condition.

27.    Plaintiff Fountain suffers from a disability within the meaning of the Americans with Disability Act.

28.    Plaintiff Fountain is an otherwise qualified individual with a disability.

29.    Plaintiff Fountain is substantially limited from engaging in the life activities of working, walking and breathing.

30.    Plaintiff Fountain suffers from a serious health condition within the meaning of the Family Medical Leave Act.

31.    Plaintiff Fountain's physical condition requires continuing treatment by a health care provider.

32.    Plaintiff Conroy has been employed by DOCS since 1984 to the present as a Correction Officer at the Mohawk Correctional Facility.

33. Plaintiff Conroy is employed on a full-time basis. She has worked in excess of 1250 hours in the preceding 12-month period.

34. Plaintiff Conroy is an individual suffering from severe migraine headaches. It is a chronic condition.

35. Plaintiff Conroy suffers from a disability within the meaning of the Americans With Disabilities Act.

36. Plaintiff Conroy is an otherwise qualified individual with a disability.

37. Plaintiff Conroy is substantially limited from engaging in the life activities of working, sleeping, etc.

38. Plaintiff Conroy suffers from a serious health condition within the meaning of the FMLA.

39. Plaintiff Conroy's physical condition requires continuing treatment by a health care provider.

40. Plaintiff Swingle has been employed by DOCS since 1985 to the present as a Correction Officer at the Fishkill Correctional Facility.

41. Plaintiff Swingle is employed on a full-time basis.

42. Defendants have a policy and practice requiring all correction officers who are out of work on sick leave for more than three days to submit a note from a physician indicating that the employee is fit to return to work.

43.    Defendants also require the correction officer's treating physician to produce a written diagnosis/prognosis of the individual's medical condition before the individual is allowed to return to work.

44.    Defendants further require a correction officer to produce a written diagnosis/prognosis not just for the correction officer's own medical condition, but also a diagnosis for the medical condition of a spouse or child, if the correction officer took sick leave to care for that spouse or child.

45.    Under the Family Medical Leave Act certifications of medical condition may not contain a medical diagnosis.

46.    The Family Medical Leave Act does not permit employers to obtain any medical information whatsoever respecting the condition of an individual other than the employee.

47.    It is impermissible to obtain medical information from an employee under the Americans With Disabilities Act unless it is used by an employer to identify necessary restrictions on an employee's work or job duties or for the purpose of providing a reasonable accommodation.

48.    Defendants do not use the medical diagnoses/prognoses obtained in the return to work certifications to identify necessary accommodations of a correction officer's disability.

7

49.    Defendants' policy is not job-related nor is it consistent with business necessity.

50.    Upon information and belief, the information is reviewed by non-medical personnel, including supervisors and other individuals up through the chain of command.

51.    Upon information and belief, all supervisors have access to the medical information.

52.    The information is often posted in a public place, i.e., the facility chart office, to which both numerous employees and even inmates have access.

53.    Personnel files are periodically reviewed for promotional, disciplinary and other purposes and, consequently, medical information contained therein is repeatedly disclosed.

54.    Upon information and belief, the medical diagnosis/prognosis information is retained in the respective correction officer's personnel file.

55.    Defendant Goord was aware of DOCS' policy as set forth above and had it re-issued as recently as December, 1997.

56.    The medical information is of the utmost private nature.

57.    A correction officer who does not provide the medical diagnosis/prognosis information is not allowed to return to duty and is subject to discipline, up to and including discharge.

8

58.    As recently as July 8, 1998, plaintiff Fountain returned to work
       from a sick leave of absence in excess of three days and was
       required by defendants to submit a diagnosis of her medical
       condition from her treating physician.

59.    Plaintiff Fountain has been submitting such documentation since
       1993.

60.    Since plaintiff Fountain first submitted a doctor's certification
       indicating that she is fit to return to duty after a sick leave of
       absence, virtually each and every note contained information as
       to the diagnosis of her medical condition.

61.    Since plaintiff Fountain first submitted the return to work
       physician certification, on a few occasions, the certification did
       not contain diagnosis information.

62.    When plaintiff Fountain failed to provide a diagnosis with the
       return to work physician's certification, plaintiff Fountain was
       disciplined by being placed on time and attendance abuse for
       failing to provide a medical diagnosis.

63.    In October and November 1998, plaintiff Conroy returned to
       work from a sick leave of absence in excess of three days.  On
       both occasions, plaintiff Conroy was required by defendants to
       submit a diagnosis of her medical condition from her treating
       physician.

64. Plaintiff Conroy was required to submit her doctors' notes with medical diagnoses to non-medical DOCS personnel.

65. On October 21, 1998, plaintiff Swingle called in sick to DOCS.

66. Plaintiff Swingle did not provide DOCS with a medical diagnosis for his absence on October 21, 1998.

67. As a result of plaintiff Swingle's refusal to provide a medical diagnosis for his absence of October 21, 1998, DOCS imposed discipline in the form of a formal written counseling and he was marked as absent without leave.

68. Plaintiffs and members of the class have no plain, adequate or complete remedy at law, and have suffered and will continue to suffer irreparable harm unless defendants are enjoined from their continuing illegal action, practices and policies.

## VII.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

69. By reason of the foregoing, defendants have violated plaintiffs' rights to confidentiality under the Americans with Disabilities Act, 42 U.S.C. §12112 (c)(3)(B) et.seq.

### SECOND CLAIM FOR RELIEF

70. By reason of the foregoing, defendants have violated the ADA's prohibition against inquiries as to the nature and severity of an employee's disability under 42 U.S.C. §12112(d)(4)(A).

10

## THIRD CLAIM FOR RELIEF

71.    By reason of the foregoing, defendants have violated plaintiff's rights to confidentiality under the Family Medical Leave Act, 29 U.S.C. §2614(c)(3)(C)(I) and (ii).

## FOURTH CLAIM FOR RELIEF

72.    By reason of the foregoing, defendants have violated the plaintiff's rights to privacy under the First Amendment to the United States Constitution.


**WHEREFORE**, plaintiffs demand judgment on the complaint and requests this Court grant the following relief:

1.    A declaratory judgment that defendants' actions were illegal under each of the constitutional and statutory provisions pleaded herein;

2.    An injunction enjoining defendants from requiring correction officers to provide a diagnosis or prognosis of their medical condition upon return to duty from sick leave or any information other than the employee's medical provider's certification that the employee is medically fit to return to full duty;

3.    Attorneys' fees and costs; and

4.    For such other and further relief as this Court deems to be just and equitable.

11

Dated:  Albany, New York
       March 16, 1999

                                 HITE & CASEY, P.C.
                                 Attorneys for Plaintiffs

                               BY:
                               MEREDITH H. SAVITT, ESQ.
                               Bar Roll #601191
                               Office & P.O. Address
                               63 Colvin Avenue
                               Albany, N.Y.  12206
                               (518) 435-1573

**JURY DEMAND**
Pursuant to Fed. R. Civ. P., 38, plaintiffs hereby demand trial by jury.